IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE F. REIGARD,

      Petitioner,

v.

GUY HALL,

      Respondent.

Civil No. 08-293-BR

OPINION AND ORDER

**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**LYNN DAVID LARSEN**
Attorney-In-Charge
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Twin Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

On February 21, 2001, a Coos County grand jury returned an Amended Indictment charging Petitioner with two counts of Aggravated Theft, one count of Burglary in the First Degree, two counts of Criminal Mischief in the First Degree, one count of Unauthorized Use of Vehicle, two counts of Theft in the First Degree, and four counts of Felon in Possession of a Firearm. A jury convicted Petitioner of all charges except three of the Felon in Possession of a Firearm charges. On April 25, 2001, the trial judge sentenced Petitioner to a total of 85 months of imprisonment, which included an upward departure sentence of 72 months on the Burglary in the First Degree conviction.

Petitioner filed a direct appeal, but raised no issues in his *Balfour* brief. The Oregon Court of Appeals affirmed without opinion. *State v. Reigard*, 188 Or. App. 317, 72 P.3d 126 (2003). Petitioner did not seek review by the Oregon Supreme Court.

Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial

2 - OPINION AND ORDER -

judge denied relief.  On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Reigard v. Hill*, 215 Or. App. 500, 170 P.3d 8 (2007), *rev. denied*, 344 Or. 109, 178 P.3d 249 (2008).

On March 10, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.  In his *pro se* Petition, he alleges three claims for relief:

> **Ground One**:  Upward departure and consecutive sentences.
> **Supporting Facts**:  At the time of sentencing *Apprendi* should have been raised and properly objected to thus detouring the court from imposing the illegal sentence that it did.
>
> **Ground Two**:  Ineffective assistance of trial and appeal counsel.
> **Supporting Facts**:  Neither counsel properly objected to the *Apprendi* issue and appeal counsel didn't file my *Balfour* brief.  Also, trial counsel didn't subpoena witnesses, didn't investigate my defense, didn't try to impeach perjured testimony, etc.
>
> **Ground Three**:  Jury was unconstitutionally selected and empaneled.
> **Supporting Facts**:  The District Attorney was friends with one of my jury members and two other jurors had either been in previous juries I had or knew me personally from past criminal experience.

This Court appointed counsel to represent Petitioner. The Memorandum of Law in Support of Petition for Writ of Habeas Corpus filed on Petitioner's behalf addresses only the merits of Petitioner's claim that counsel was ineffective for failure to object to the departure sentence.  Respondent argues Petitioner procedurally defaulted this claim as well as the other two, that

3 - OPINION AND ORDER -

Petitioner waived the other two claims, and, that, in any event, the state court rulings denying relief are entitled to deference and Petitioner is not entitled to relief on the merits.

## **DISCUSSION**

### **I.  Ineffective Assistance for Failure to Object to Departure Sentence**

#### **A.  Legal Standards[1]**

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at

---

[1] Because Petitioner's ineffective assistance claim fails on its merits, this Court declines to decide the procedural default issue as to this ground for relief.  See 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state").

4 - OPINION AND ORDER -

a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

5 - OPINION AND ORDER -

**B.  Analysis**

Petitioner argues trial counsel provided constitutionally ineffective assistance of counsel because he did not object, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2001), to the upward departure sentence based on his Burglary conviction.  In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  Following *Apprendi*, Oregon state courts and federal circuit courts understood "statutory maximum" to be the maximum punishment permissible under the range of statutory penalties allowed.  *See Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (collecting federal circuit court cases); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002), *aff'd* 336 Or. 158, 82 P.3d 593 (2003), *vacated by Dilts v. Oregon*, 542 U.S. 934 (2004).

Four years later, however, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004).  In *Blakely*, the Supreme Court concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  542 U.S. at 303.  In other words, *Blakely* defined "statutory maximum" to include the applicable presumptive sentencing range

6 - OPINION AND ORDER -

under mandatory sentencing guidelines. *See, e.g., Bush v. Hill*, 2008 WL 4365206 (D. Or. 2008) (explaining effect of *Blakely* in Oregon).

Here, Petitioner was sentenced within Oregon's applicable statutory parameters, satisfying the interpretations of *Apprendi*. Because his sentence exceeded the presumptive sentence under the Oregon Sentencing Guidelines, the sentence violated *Blakely*. It is well settled, however, that *Blakely* does not apply retroactively to convictions which became final prior to that decision. *Schardt*, 414 F.3d at 1036. Nevertheless, even though his sentencing took place three years before the *Blakely* decision, Petitioner argues counsel's services were constitutionally ineffective because counsel did not raise a *Blakely*-like objection in the wake of *Apprendi*.

As indicated by the post-*Apprendi*, pre-*Blakely* decisions of Oregon state courts and federal circuit courts, "the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 414 F.3d at 1035. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690). Thus, a court reviewing an ineffective assistance of counsel claim cannot require that an

7 - OPINION AND ORDER -

attorney anticipate a decision in a later case. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).[2]

This Court concurs with every other judge faced with this issue in this District and concludes that, because existing precedent did not support a Sixth Amendment objection at the time of Petitioner's sentencing, counsel's performance did not fall below an objective standard of reasonableness for his failure to raise such an objection. *See Bufford v. Hill*, 2009 WL 1974442 (D. Or. 2009); *Losh v. Hill*, 2009 WL 1089478 (D. Or. 2009); *Zurcher v. Hall*, 2008 WL 3836301 (D. Or. 2008); *Dunn v. Hill*, 2008 WL 1967723 (D. Or. 2008), *aff'd*, 307 Fed. Appx. 83 (9th Cir. 2009), *cert. denied sub nom Dunn v. Nooth*, 129 S. Ct. 2798 (2009). Accordingly, the PCR trial court's decision denying relief on Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law.

---

[2] The court notes this case is distinguishable from *Burdge v. Belleque*, 290 Fed. Appx. 73 (9th Cir. 2008) in which the Ninth Circuit faulted an attorney for his failure to object to and challenge the constitutionality of an ambiguous Oregon sentencing statute although the Oregon court had not interpreted the statute. In *Burdge*, statutes similar to Oregon's had been successfully challenged for many years in other states.

8 - OPINION AND ORDER -

## II. Remaining Grounds for Relief

Respondent argues Petitioner cannot obtain relief on the claims alleged in Grounds One and Three because counsel for Petitioner submitted no argument in his Memorandum in Support and, therefore, waived those claims. The Court, however, does not agree that counsel's failure to address all of the claims alleged in the original, *pro se* Petition automatically results in a waiver.

District Judge Marsh of this court addressed this issue in *Elkins v. Belleque*, CV 06-1180-MA:

> Respondent relies upon 28 U.S.C. § 2248 which provides that the allegations of a return to a habeas petition, or an answer to an order to show cause, "if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."
>
> However, the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Proceedings, provides that a traverse is no longer contemplated "except under special circumstances", and that the common law assumption of verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Advisory Committee Note to Rule 5, 28 foll. § 2254 (1976) (citing *Stewart v. Overholser*, 186 F.2d 339, 343 n. 5 (D.C. Cir. 1950)). In light of the foregoing, and in the absence of any case law supporting respondent's position that the failure to furnish legal argument in support of habeas claims renders the claims abandoned, I decline to find the claims not traversed to be waived or subject to denial on that basis alone."

Opinion and Order (#35) at 5-6.

9 - OPINION AND ORDER -

Judge Marsh's reasoning is persuasive and, consequently, this Court rejects Respondent's assertion that Petitioner has waived the grounds for relief not specifically addressed in his Memorandum in Support.  However, having undertaken a review of the those claims, the Court concludes habeas corpus relief is not warranted because these claims are procedurally defaulted because Petitioner did not include the claims alleged in Grounds One and Three in his appeal from the denial of PCR relief.

Because Petitioner provides no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, federal habeas corpus relief may not be granted on the claims alleged in Grounds One and Three.

## **CONCLUSION**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this ___20th___ day of October, 2009.

                 ___/s/ Anna J. Brown___
                 ANNA J. BROWN
                 United States District Judge